J-S54044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY TARIQ BROWN | : | |
| | : | |
| Appellant | : | No. 1031 MDA 2020 |

Appeal from the PCRA Order Entered July 23, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division
at No(s): CP-35-CR-0002506-2017

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 09, 2021**

Anthony Tariq Brown ("Brown"), *pro se*, appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court summarized the history underlying the instant appeal as follows:

> On April 14, 2018, [Brown] pled guilty to one count of robbery in [C]ase [N]o. 17-CR-2506 [("No. 2506")], and one count of robbery in [C]ase [N]o. 17-CR-2698 [("No. 2698")].[2] On April 27, 2018, [Brown] filed a *pro se* [M]otion to withdraw his

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. § 3701. At No. 2506, Brown pled guilty to robbing the Price Chopper supermarket in Taylor Borough, Lackawanna County, Pennsylvania. During that robbery, Brown, using a pellet gun, ordered customers to lie down on the floor and demanded their money. Brown additionally stole $496.61 from the store's cash drawer. At No. 2698, Brown was charged with robbing a victim at the Red Carpet Inn using a handgun.

plea.  On August 24, 2018, a hearing was held on this [M]otion, and the court granted [Brown's] [M]otion to withdraw his guilty plea [at No. 2698].  [Brown] informed the court that he was withdrawing his request to withdraw his plea [at No. 2506], and acknowledged that the plea in that case would stand.

On November 5, 2018, a jury trial was conducted in [No. 2698], and the jury found [Brown] not guilty.  On November 21, 2018, [Brown] was sentenced to 8 to 20 years [in prison at No. 2506].  [Brown] did not file an appeal.  On October 22, 2019, [Brown] filed a Petition for [PCRA r]elief.  Kurt Lynott, Esq. ("Attorney Lynott"), was appointed to represent [Brown].  On November 22, 2019, the Commonwealth filed an Answer.  On February 18, 2020, [Attorney] Lynott filed a Motion to Withdraw as Counsel [p]ursuant to a **Turner-Finley** Letter.[3]  On June 23, 2020, [the PCRA] court granted [Attorney] Lynott's Motion to Withdraw, and issued a Notice of Intent to Dismiss the PCRA [P]etition.  On July 10, 2020, [Brown] filed a [*pro se* R]esponse, and on July 23, 2020, [the PCRA] court dismissed the [P]etition.

PCRA Court Opinion, 10/6/20, at 1-2 (footnotes added).  Thereafter, Brown, *pro se*, filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Brown presents the following claim for our review:  "Did the [PCRA c]ourt err when the Commonwealth did not have [Brown's] picture as the actual person to commit the crime?"  Brief for Appellant at 7 (unnumbered).

Brown argues that he and his counsel viewed video of the alleged perpetrator.  *Id.* at 9 (unnumbered).  Brown asserts that, upon reflection, he "believes that [the] video does not depict him as the perpetrator."  *Id.* According to Brown, he had intended to enhance the video, "to get a clear

---

3 **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

picture of the actor's tattoos and compare them with photographs that [counsel had] obtained of [] Brown's tattoos." *Id.* Brown does not indicate whether the video, once enhanced, supported his claim.

Our review discloses that Brown did not raise this claim in his PCRA Petition. Rather, in his PCRA Petition, Brown raised various claims of ineffective assistance of plea counsel, none of which implicate his present claim. Further, the PCRA court did not address Brown's present claim in its Pa.R.Crim.P. 907 Notice of intent to dismiss the PCRA Petition, or in its Pa.R.A.P. 1925(a) Opinion. Because this claim is not preserved for our review, we affirm the Order of the PCRA court. *See* Pa.R.A.P. 302(a) (stating that an issue may not be raised for the first time on appeal).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/09/2021